# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00058-CV

**Jose Antonio Venero Lugo, Scott D. Weaver, and Venero Law, PLLC, Appellants**

**v.**

**Gerardo Felipe Cordova Sanchez, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004061, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The threshold issue in this appeal is straightforward: Does Venero Law's filing of immigration documents, including an application for adjustment of status, on Cordova's behalf[1] constitute "communication[s]" such that Venero Law was "exercis[ing] [] the right to petition," as those terms are defined by the TCPA? *See* Tex. Civ. Prac. & Rem. Code § 27.001(1), (4)(A)(iii). The Court answers no; I answer yes. Because I cannot agree with the Court's statutory interpretation, I respectfully dissent. In my opinion, the Court should conclude that Venero Law was exercising the right to petition as defined by the TCPA and address the other issues raised on appeal.

---

[1] In his live petition, Cordova alleged, "Mr. Venero agreed to represent Mr. Cordova in a US immigration law matter, specifically, the filing of several US immigration forms, including the Form I-130, Petition for Alien Relative, in order to help Mr. Cordova adjust his status in the United States."

The Legislature expressly defined (1) "[e]xercise of the right to petition" to include "[a] communication in or pertaining to . . . an executive or other proceeding before . . . a subdivision of the . . . federal government" and (2) "[c]ommunication" to include "the making or submitting of a statement or document." *Id.* § 27.001(1), (4)(A)(iii). And the TCPA authorizes dismissal of "a legal action against the moving party if the moving party demonstrates that the legal action is based on or is in response to: (1) the party's exercise of: . . . (B) the right to petition." *Id.* § 27.005(b). Although the TCPA's purpose includes protecting the constitutional right to petition, *see id.* § 27.002, "[i]t does not follow from the fact that the TCPA professes to safeguard the exercise of certain First Amendment Rights that it should *only* apply to constitutionally guaranteed activities," *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). Because "[c]ourts must adhere to legislative definitions of terms when they are supplied," whether the definition of this TCPA right "maps perfectly onto the external constitutional right[] it aims to protect is irrelevant." *Id.* at 680–81. Thus, at issue in this appeal is not whether Venero Law exercised its own constitutional right to petition but whether it exercised the right to petition, as defined by the TCPA. In other words, substituting the statutory definitions for the defined terms, did Venero Law make or submit a statement or document in or pertaining to a proceeding before a subdivision of the federal government?

Cordova does not dispute that (1) Venero Law submitted documents on his behalf with the USCIS, including the application for adjustment of status, (2) the proceeding before the USCIS was a proceeding before a subdivision of the federal government, and (3) Cordova's legal action is based on or in response to Venero Law's submission of these documents with the USCIS. Instead, Cordova argues that Venero Law "could only file the case to represent [Cordova's] position, it was not filing the Application for Adjustment of Status . . . with the

2

USCIS to invoke its OWN personal interests"; that "[s]uch ability to file the proceeding before the federal government only arose through the authority granted by [Cordova] to [Venero Law]"; and that Venero Law "merely had the authority to invoke [Cordova's] right to petition but did not have a right to petition on their own." But pursuant to the plain language of the TCPA statutory definitions for "[c]ommunication" and "[e]xercise of the right to petition," *see* Tex. Civ. Prac. & Rem. Code § 27.001(1), (4)(A)(iii), Venero Law exercised the right to petition regardless of whether the application's submission was authorized by or on behalf of Cordova, *cf. Youngkin*, 546 S.W.3d at 680 (concluding that "[b]y any common understanding of the words" in TCPA definitions, attorney's "dictation of the Rule 11 agreement into the court record" constituted "ma[king] a statement in a judicial proceeding"). Accordingly, I conclude that Venero Law did exercise the right to petition by making or submitting a statement or document in or pertaining to a proceeding before a subdivision of the federal government. In filing Cordova's application, Venero Law exercised the right to petition *as defined by the TCPA*, even if Venero Law was acting on behalf of Cordova's *constitutional* right to petition and not its own *constitutional* right.[2]

The Court cites cases for the proposition that "a defendant must show that a plaintiff's lawsuit implicates the *defendant's communications*"; notes that "the statements in the application are, effectively, communications by Cordova"; and holds, "by relying solely on

---

[2] The Court notes, "Significantly, the Texas Supreme Court declined to 'opine on whether an attorney has a constitutional right to petition that encompasses speaking on behalf of a client[.]'" *Ante* at ___ n.6 (quoting *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018)). But because the *constitutional* right to petition is not relevant to whether a party exercised the right to petition as defined by the TCPA, it is not significant for this TCPA appeal that the *Youngkin* Court declined to opine on an attorney's constitutional right to petition on behalf of a client.

Cordova's communication, Venero Law failed to satisfy their burden of showing that they exercised the right to petition." *Ante* at ___. But as "communication" is defined by the TCPA, "the making or submitting of a statement or document" need not be done—effectively or otherwise—by only one person. *See* Tex. Civ. Prac. & Rem. Code § 27.001(1). Thus, even if the "communication[s]" at issue are by Cordova, those same communications may also be by Venero Law. Venero Law is therefore relying on its *own* communications—although they were made on Cordova's behalf and potentially could be considered communications by Cordova as well—to satisfy its burden of showing that it exercised the right to petition. *See Youngkin*, 546 S.W.3d at 680–81; *Winstead PC v. USA Lending Grp., Inc.*, No. 12-20-00172-CV, 2021 WL 1047208, at *2 (Tex. App.—Tyler Mar. 18, 2021, pet. filed) (mem. op.) ("We agree that the TCPA applies to claims based on filings a lawyer makes on behalf of a client in underlying litigation. A pleading filed in a lawsuit is a communication."). And there is no dispute that Cordova's lawsuit "implicates" those communications.

No doubt, it is a "novel question" whether an agent hired to represent a client may move for dismissal under the TCPA based on communications made on behalf of the client. *Cf. Snell v. Ellis*, No. 05-20-00642-CV, 2021 WL 1248276, at *6 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.) (describing as "less common or novel" question: "[W]hen a principal brings claims against an agent, may the agent move for dismissal under the TCPA based on communications made on behalf of the principal?").[3] But the TCPA definitions do not limit

---

[3] The *Snell v. Ellis* court did not answer this question because "the parties ha[d] not raised it." No. 05-20-00642-CV, 2021 WL 1248276, at *7 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.). Nevertheless, in dicta at the conclusion of a footnote discussing the attorney client relationship as an agency relationship, the *Snell* court stated, "whatever communications [attorney] made while purportedly representing [client's] interests arguable are not [attorney's]

4

"communication" or "exercise of the right to petition" to communications made on one's own behalf or in furtherance of one's own constitutional right to petition. *See* Tex. Civ. Prac. & Rem. Code § 27.001(1), (4)(A)(iii). As this Court has noted, "It is conceivable that the Legislature would see fit to cast [the TCPA] net exceptionally widely—opting for a hand grenade rather than a rifle shot—perhaps in recognition of a high value being ascribed to constitutionally-protected expression that may be subsumed somewhere within the Act's definitions of protected expression." *Cavin v. Abbott*, 545 S.W.3d 47, 71 (Tex. App.—Austin 2017, no pet.). And as the Texas Supreme Court has noted, "Because the Legislature explicitly defined the term 'exercise of the right to petition,' injecting [additional] requirement[s] into the TCPA would be disloyal to its enacted text." *Youngkin*, 546 S.W.3d at 681. In my opinion, the Court is injecting additional requirements into the TCPA to conclude that Venero Law did not exercise the right to petition as defined by the TCPA. I therefore respectfully dissent.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Filed: November 12, 2021

_____

communications, but [client's], in the factual context here. They implicate [client's] right to petition, not [attorney's]." *Id.* at *7 n.18. But just because agency law generally imputes the actions and statements of an attorney to the client does not mean that the attorney did not make a "communication" for the purpose of the TCPA when "making or submitting [] a statement or document" on behalf of the client. *See* Tex. Civ. Prac. & Rem. Code § 27.001(1). In my opinion, the *Snell* court's dictum is unpersuasive.

5